IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| BERNARD HEARD, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )   CIVIL ACTION 12-0644-WS-C |
| | ) |
| AMERICAN ALTERNATIVE | ) |
| INSURANCE CORPORATION, | ) |
| | ) |
|     Defendant. | ) |

**ORDER**

This matter is before the Court on the plaintiff's motion to remand. (Doc. 2). The parties have filed briefs and other materials in support of their respective positions, (Docs. 3, 5, 7, 12), and the motion is ripe for resolution. After careful consideration, the Court concludes that the motion is due to be granted.

**BACKGROUND**

The plaintiff, after being injured in a motor vehicle accident, sued his employer ("Griffin Wood") and Griffin Wood's underinsured motorist carrier ("American") in state court. Counts One through Three assert causes of action against American, while Count Four is a worker's compensation claim against Griffin Wood. (Doc. 1, Exhibit A at 2-9). The complaint was filed on September 5, 2012 and served on American on September 18, 2012. (*Id*. at 2; Doc. 1 at 1). Both the plaintiff and Griffin Wood are citizens of Alabama, but American is not. (*Id*. at 2; *id*., Exhibit A at 2).

On October 9, 2012, American filed a motion for severance, invoking Alabama Rule of Civil Procedure 21. (Doc. 1, Exhibit A at 12-15). On October 11, 2012, the state court entered the following order:

> MOTION TO SEVER by AMERICAN ALTERNATIVE
> INSURANCE CORPORATION is hereby GRANTED. The
> Workmen's Compensation case should be separate from the third

> party case.  The Clerk is directed to sever the claims against Griffin
> Wood Company, Inc., and make a separate case file with a separate
> case number for the claims.  One case against Griffin and one against
> American Alternative Insurance.

(*Id*. at 30).  The order was electronically filed at 11:00 a.m.  (*Id*.).  The notice of removal was filed at 2:39 p.m. the same day.

Removal was based on diversity of citizenship.  The plaintiff questions on multiple grounds both diversity of citizenship and the amount in controversy.

## DISCUSSION

"A removing defendant bears the burden of proving proper federal jurisdiction." *Adventure Outdoors, Inc. v. Bloomberg*, 552 F.3d 1290, 1294 (11th Cir. 2008) (internal quotes omitted).  "Any doubts about the propriety of federal jurisdiction should be resolved in favor of remand to state court."  *Id*.

**I.  Removal under Section 1446(b)(3).**

With exceptions not in play here, "if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."  28 U.S.C. § 1446(b)(3).  American argues that the order granting its motion for severance constitutes such a paper.  (Doc. 1 at 1).

Section 1441(a) "require[s] that the case be fit for federal adjudication at the time the removal petition is filed …."  *Caterpillar, Inc. v. Lewis*, 519 U.S. 61, 73 (1996); *accord Pretka v. Kolter City Plaza II, Inc*., 608 F.3d 744, 772 (11th Cir. 2010) ("[T]he jurisdictional determination … is based only on the facts as they exist at the time of removal."); *Bloomberg*, 552 F.3d at 1294-95 ("The existence of federal jurisdiction is tested at the time of removal."); *Leonard v. Enterprise Rent a Car*, 279 F.3d 967, 972 (11th Cir. 2002) ("[W]e note that for purposes of this challenge to the subject matter jurisdiction of the district court, the critical time is the date of removal …."); *Tillman v.*

*R.J. Reynolds Tobacco*, 253 F.3d 1302, 1306 n.1 (11th Cir. 2001) ("[T]he question of diversity subject matter jurisdiction is determined on the plaintiff's pleadings at the time of removal."); *Burns v. Windsor Insurance Co.*, 31 F.3d 1092, 1097 n.13 (11th Cir. 1994) ("Jurisdictional facts are assessed on the basis of the plaintiff's complaint *as of the time of removal*.") (emphasis in original).

American declares that the trial court's order "clearly set up separate cases" for the plaintiff's claims against American and those against Griffin Wood. (Doc. 5 at 5-6). This is an attractive conclusion for American, but it does not square with the language of the order. Certainly the order granted American's motion for severance, but it does not declare severance to be a fait accompli. On the contrary, "the Clerk is directed to sever" the claims. (Doc. 1, Exhibit A at 30). It is difficult to accept that the order itself removed Griffin Wood's claims from the action, thereby ensuring complete diversity of citizenship, when the order expressly instructs the clerk to accomplish the severance in the future. That the court approved an ultimate severance is unquestionable, but that the court accomplished the severance by its order alone, without implementation by the clerk, is in serious doubt. American offers no explanation for its interpretation of the order, leaving the Court no basis on which to accept it.[1]

American removed less than four hours after the order was entered, and it offers no evidence that the clerk accomplished the severance in this brief interval. On the contrary, American "acknowledges that a separate case number had not been set up as instructed by the Court at the time of removal." (Doc. 5 at 6). Because the burden is on American to demonstrate that severance had been accomplished before its removal, and because American has not carried that burden, removal cannot be sustained under Section 1446(b)(3).

---

[1] According to *Lowery v. Alabama Power Co.*, 483 F.3d 1184 (11th Cir. 2007), "the documents received by the defendant must contain an unambiguous statement that clearly establishes federal jurisdiction." *Id*. at 1213 n.63. For reasons stated in text, the order of severance does not unambiguously establish that severance occurred before removal. Even if the *Lowery* standard does not apply, *see SUA Insurance Co. v. Classic Home Builders, LLC*, 751 F. Supp. 2d 1245, 1249-50 & 1250 n.2 (S.D. Ala. 2010), the order does not establish the proper chronology even by a preponderance of the evidence.

**II. Removal under Section 1446(b)(1).**

Removal under Section 1446(b)(1) must be based on the "initial pleading," that is, "the complaint itself." *Roe v. Michelin North America, Inc.*, 613 F.3d 1058, 1060 n.2 (11th Cir. 2010). American argues that it removed under this provision. (Doc. 5 at 4-5).

Although the notice of removal does not expressly identify the subparagraph under which removal is made, it is plain that American did not remove based on the complaint itself. The notice of removal recites as follows:

> In the Complaint, Plaintiff named as Defendants American and Griffin Wood Co, Inc. However, on October 11, 2012, the Circuit Court entered an Order of Severance making the Plaintiff's action against American a separate case. [footnote omitted] … This case is being removed within 30 days of severance and well within one year of the commencement of this action.

(Doc. 1 at 1). American expressly based removal on the order of severance and not on the complaint itself. Moreover, American tagged the timeliness of removal to the order of severance and not to service of the complaint.

Only an action as to which the federal district courts have original jurisdiction may be removed. 28 U.S.C. § 1441(a). Original diversity jurisdiction under 28 U.S.C. § 1332 requires complete diversity of citizenship. *E.g., Florence v. Crescent Resources, LLC*, 484 F.3d 1293, 1297 (11th Cir. 2007). As noted above, Griffin Wood and the plaintiff are both Alabama citizens. Thus, removal based on diversity was not possible based on the complaint itself unless some basis existed for ignoring Griffin Wood's citizenship. American vaguely invokes misjoinder, (Doc. 5 at 5), which may in appropriate cases justify ignoring the citizenship of a resident defendant. But the notice of removal makes no mention of misjoinder or of any other principle pursuant to which Griffin Wood's citizenship could be ignored so as to permit removal based on the complaint itself. This, too, demonstrates that American did not remove under Section 1446(b)(1).

Finally, American was served with the complaint on September 18, but it did not seek to remove at any point in the following three weeks. It then removed less than four

4

hours after the order of severance was entered.  This as well reflects that American removed under Section 1446(b)(3).

There is some question whether American could properly amend its notice of removal at this point in order to switch its reliance from subparagraph (3) to subparagraph (1).[2]  But American has never sought to do so.  Instead, American claims that the notice of removal has always rested on subparagraph (1) rather than subparagraph (3).  That assertion is patently incorrect.

Nor would American's position be improved by reliance on Section 1446(b)(1).  Its only argument for ignoring Griffin Wood's citizenship is that Griffin Wood was "misjoin[ed]."  (Doc. 5 at 5).  Because this concept in support of removal was not raised until American's brief in opposition to remand, it is probably waived.  *See* note 2, *supra*.  But even if it is not, American's presentation falls far short of carrying its "heavy burden" of showing fraudulent joinder by clear and convincing evidence.  *Stillwell v. Allstate Insurance Co.*, 663 F.3d 1329, 1332 (11th Cir. 2011).

There are three forms of fraudulent joinder.  The third arises "where a diverse defendant is joined with a nondiverse defendant as to whom there is no joint, several or alternative liability and where the claim against the diverse defendant has no real connection to the claim against the nondiverse defendant." *Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998).  American's only proof of fraudulent misjoinder is that the state court granted its motion for severance.  (Doc. 5 at 5).  American provides no explanation how this demonstrates even misjoinder, much less *fraudulent* misjoinder, which arises "only in egregious circumstances." *Ash v. Providence Hospital*, 2009 WL 424586 at *8 (S.D. Ala. 2009) (citing *Tapscott v. MS Dealer Service Corp.*, 77 F.3d 1353, 1360 (11th Cir. 1996), *overruled in part on other*

---

[2] *See generally* 14C Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 3733 at 661 (4th ed. 2009) (discussing "the rule that new removal grounds cannot be added by amendment of the removal notice after expiration of the [30-day] time to remove").  American's brief, in which American first articulated reliance on Section 1446(b)(1), was filed 33 days after removal.

grounds, *Cohen v. Office Depot, Inc*., 204 F.3d 1069 (11th Cir. 2000) (en banc)). On the contrary, American relies on cases that found *no* fraudulent joinder in the circumstances presented here. *Formosa v. Lowe's Home Centers, Inc*., 806 F. Supp. 2d 1181, 1183-84, 1187-89 (N.D. Ala. 2011); *Wingard v. Guillot Textilmaschinen GMBH*, 2008 WL 4368884 at *2-3 (M.D. Ala. 2008). As it said in *Ash*, "[t]his Court will not develop the removing defendants' jurisdictional arguments for them …." 2009 WL 424586 at *9.

Without a showing of fraudulent misjoinder, Griffin Wood's citizenship cannot be ignored, and complete diversity is missing. In addition, and as noted by the plaintiff: (1) Section 1441(b)(2) precludes removal over objection, since Griffin Wood is a resident defendant; and (2) Section 1446(b)(2) precludes removal over objection, since Griffin Wood has not joined in or consented to removal.

American's solution to this problem is to permit removal and then remand Count Four, asserted against Griffin Wood. (Doc. 5 at 6-7). But American cites no authority supporting the remarkable proposition that it may remove a case as to which there is no original jurisdiction, have the Court carve out and remand the portions interfering with original jurisdiction (as does Griffin Wood's citizenship), and thereby remain in federal court. This most definitely is not the law. *E.g., Stillwell v. Allstate Insurance Co*., 663 F.3d 1329, 1332 (11th Cir. 2011) ("When a case is removed based on diversity jurisdiction, as this case was, the case must be remanded to state court if there is not complete diversity between the parties ….").

## CONCLUSION

The plaintiff presents other arguments in opposition to removal, but the foregoing are dispositive. For the reasons set forth above, the plaintiff's motion to remand is **granted**. This action is **remanded** to the Circuit Court of Perry County.

DONE and ORDERED this 15th day of February, 2013.

s/ WILLIAM H. STEELE
CHIEF UNITED STATES DISTRICT JUDGE